IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REINE DALZIEL, Personal Representative of the Heirs of CAMERON DALZIEL, deceased, YASMINE CALEHR, Personal Representative of the Heirs of SHAKA PANDUWINATA, deceased, and MIGUEL PANDUWINATA, deceased, TRACEY WITHERS, Personal Representative of the Heirs of GLENN THOMAS, deceased, BARRY SWEENEY, Personal Representative of the Heirs of LIAM SWEENEY, deceased, JORDAN ANDERSON, Personal Representative as an Heir of STEPHEN ANDERSON, deceased, PARLAN BIN MESIRAN, Personal Representative of the Heirs of HASNI PARLAN, deceased, ANNE ALBINUS, Personal Representative of the Heirs of SITI AMIRAH BINTI PARAWIRA, deceased, WENDY MARTHINUS KARDIA, Personal Representative as an Heir of VICKILINE KURNIATI KARDIA, deceased, KELVIN KARDIA, Personal Representative as an Heir of ADINDA LARASATI VAN MIUJLWIJK, deceased, SIMON MAYNE, Personal Representative of the Heirs of RICHARD MAYNE, deceased, JEREMY POCOCK, Personal Representative of the Heirs of BEN POCOCK, deceased, ROB FREDRIKSZ, Personal Representative of the Heirs of BRYCE FREDRISKZ, deceased, PAULA OEHLERS, Personal Representative of the Heirs of DAISY OEHLERS, deceased, JOHANNES GIANOTTEN, Personal Representative of the Heirs of ANGELIQUE GIANOTTEN, deceased, LEO VLEESENBEEK, Personal Representative of the Heirs of ERICK VLEESENBEEK, deceased, and HANNY NUGRAINI PRATIWI, Personal Representative of the Heirs of NINIK YURIANI, deceased,

Plaintiffs

v.

MALAYSIA AIRLINES, a corporation, and IGOR GIRKIN a/k/a IGOR STRELKOV,

Defendants.

No.

**COMPLAINT**

Plaintiffs Reine Dalziel, Personal Representative of the heirs of Cameron Dalziel, deceased, Yasmine Calehr, Personal Representative of the heirs of Shaka Panduwinata, deceased, and Miguel Panduwinata, deceased, Tracey Withers, Personal Representative of the heirs of Glenn Thomas, deceased, Barry Sweeney, Personal Representative of the heirs of Liam Sweeney, deceased, Jordan Anderson, Personal Representative as an heir of Stephen Anderson, deceased, Parlin bin Mesiran, Personal Representative of the heirs of Hasni Parlan, deceased, Anne Albinus, Personal Representative of the heirs of Siti Amirah binti Parawira, deceased, Wendy Marthinus Kardia, Personal Representative as an heir of Vickiline Kurniati Kardia, deceased, Kelvin Kardia, Personal Representative as an heir of Adinda Larasati van Miujlwijk, deceased, Simon Mayne, Personal Representative of the heirs of Richard Mayne, deceased, Jeremy Pocock, Personal Representative of the heirs of Ben Pocock, deceased, Rob Fredriksz, Personal representative of the heirs of Bryce Fredriksz, deceased, Paula Oehlers, Personal Representative of the heirs of Daisy Oehlers, deceased, Johannes Gianotten, Personal Representative of the heirs of Angelique Gianotten, deceased, Leo Vleesenbeek, Personal Representative of the heirs of Erick Vleesenbeek, deceased, Hanny Nugraini Patiwi, Personal Representative of the heirs of Ninik Yuriani, deceased, through their undersigned attorneys for their complaint against defendants Malaysia Airlines, a corporation, (hereinafter referred to as “MAS”) and Igor Girkin a/k/a Igor Strelkov (hereinafter referred to as “Girkin”), state as follows:

**COUNT I**

1. Plaintiff Yasmine Calehr, Personal Representative of the heirs of Shaka Panduwinata, deceased, and Miguel Panduwinata, deceased, is a citizen and resident of the United States. The other plaintiffs are residents of countries other than the United States. Plaintiffs are the personal

representatives and/or heirs of their respective decedents. The decedents of all plaintiffs were citizens of countries other than the United States.

2. Defendant MAS is a corporation which, upon information and belief, is domiciled in Malaysia. Defendant MAS conducts systematic and continuous business in the United States from, inter alia, offices at 919 North Michigan Avenue, Chicago, Illinois 69611. Defendant Girkin is a citizen of Russia.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331. The claim of plaintiff Reine Dalziel, Administrator of the Estate of Cameron Dalziel, deceased, against defendant MAS action arises under an international treaty, the Convention for the Unification of Certain Rules for International Carriage by Air, known as the Montreal Convention. Certain claims of all plaintiffs against defendant Girkin arise under a U.S. statute, the Torture Victim Protection Act (TVPA), 28 U.S.C. §1350.

4. Venue is proper in this district under 28 U.S.C. §1391.

5. On July 17, 2014, plaintiff Reine Dalziel's husband, Cameron Dalziel, was a passenger onboard a certain Boeing 777-200 aircraft, registration 9M-MRD, being operated on that date by defendant MAS as MAS Flight 17, an international flight from Amsterdam, the Netherlands, to Kuala Lumpur, Malaysia.

6. The ticket for the international carriage by air of plaintiff's decedent was purchased in the U.S., making the U.S. a proper forum for plaintiff to bring this claim under the Montreal Convention.

7. On said date and during the course of this international carriage by air and as the direct and proximate result of the negligent acts and/or omissions of defendant MAS in deliberately operating the subject flight in the airspace over a part of the Ukraine which was an internationally

recognized conflict zone, extremely dangerous, and subject to United States Federal Aviation Administration NOTAM prohibiting over-flight by US airlines, the subject flight was shot down by a surface to air missile or missiles and plaintiff's decedent, Cameron Dalziel, and all 297 other passengers and crew on board were killed. Many other non-US airlines, such as British Airways, Qantas, Cathay Pacific, China Airlines, Asiana, Korean Air, and Pakistan International Airlines had conducted risk assessments of over-flight of the region and had decided to re-route around the conflict zone.

8. Plaintiff's decedent, Cameron Dalziel, left surviving heirs and next of kin, including plaintiff Reine Dalziel, for whose benefit this action is brought.

9. Plaintiff Reine Dalziel and the other heirs and next of kin of the decedent Cameron Dalziel have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the death of plaintiff's decedent.

10. Defendant MAS is strictly liable to plaintiff for the injuries this plaintiff sustained in the course of this international carriage by air under the terms of that Convention for the Unification of Certain Rules for International Carriage by Air known as the Montreal Convention.

11. Defendant MAS states in its General Conditions of Carriage, incorporated expressly by reference into each Passenger Ticket of each Plaintiff, that it will pay unlimited damages and not raise any defenses to claims for compensatory damages arising out of death of its passengers:

> 16.2.1 we will not invoke the limitation of liability under the Convention as to any claim for recoverable compensatory damages in respect of your death, wounding or other bodily injury;
>
> 16.2.2 with respect to that portion of such claim which does not exceed 113,100 SDR, we will not avail ourselves of the defence under the Convention which provides that a Carrier is not liable if it proves that it or its agents have taken all necessary measures to avoid the damage or that it was impossible for it or its agents to take such measures;

> 16.2.3 except as provided in Paragraphs 16.2.1 and 16.2.2 above, we reserve all defences available under the Convention to any such claim, and we reserve all rights of recourse against any other party and any third party, including, without limitation, rights of contribution and indemnity"

WHEREFORE, plaintiff Reine Dalziel, Personal Representative of the heirs of Cameron Dalziel, deceased, prays for the entry a judgment in her favor against defendant Malaysia Airlines for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**COUNT II**

1-4. As paragraphs 1-4 of Count II, plaintiffs reallege paragraphs 1-4 of Count I.

5. On July 17, 2014, plaintiffs' decedents were passengers onboard a certain Boeing 777-200 aircraft, registration 9M-MRD, being operated on that date by defendant MAS as Flight MAS 17, an international flight from Amsterdam, the Netherlands, to Kuala Lumpur, Malaysia.

6. On said date and at all times relevant hereto, defendant Girkin was the commander in chief of an army of separatists and rebels in an area of the Ukraine, self-styled as the Donetsk Peoples Republic (DNR), conducting war against the Government of Ukraine. Defendant Girkin and his rebel army were acting with the support of the Government of Russia.

7. Defendant Girkin is a specially designated national under the United States

Department of the Treasury Office of Foreign Assets and Control Sanctions List. Defendant Girkin is also expressly named under European Union, Canadian, Swiss and New Zealand Government Sanctions, identified as staff of Main Intelligence Directorate of the General Staff of the Armed Forces of the Russian Federation (GRU).

8. This rebel army under the command of defendant Girkin shot down, and attempted to shoot down, military aircraft operating in the airspace over the area in the Ukraine in which it was

waging its rebel activities and defendant Girkin's forces threatened to shoot down any aircraft flying over this area.

9. The Office of the United Nations High Commission for Human Rights reported that on May 26, 2015, defendant Girkin ordered the summary execution of two "commanders of the people's militia."

10. On a date prior to July 17, 2014, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, transported one or more missile units from Russia to the Ukraine.

11. On July 17, 2014, MAS Flight 17 flew over the airspace of the area in which the aforesaid rebel army was waging its war activities and the rebel army under the command responsibility of defendant Girkin shot down the subject Boeing 777-200 aircraft being operated by defendant MAS as MAS Flight 17 with the aforesaid missile unit, killing these plaintiffs' decedents and all others onboard the aircraft.

12. Defendant Girkin ordered, aided and/or abetted this action and/or conspired with those persons who fired the missile or missiles.

13. On July 17, 2014, following the destruction of MAS Flight 17, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, took responsibility for the shooting down of MAS Flight 17.

14. Defendant Girkin also ordered all units of the armed forces of the Donetsk Peoples Republic (DNR) who were at the site of the downing of MAS Flight 17 and who have possession of personal effects from those onboard the aircraft to deliver them to DNR armed forces headquarters, where the valuables would be transferred to the Defense Fund of the DNR.

15. Further, in ordering, aiding and abetting, and conspiring to, the transport of the subject missile unit from Russia to the Ukraine and in subsequently ordering, aiding, abetting and conspiring with those individuals who fired the aforesaid missile or missiles, downing MAS Flight 17, defendant Girkin acted with the actual or apparent authority of individuals in the Government of Russia and under color of law of Russia and/or the Donetsk Peoples Republic.

16. The TVPA provides that "an individual who under actual or apparent authority or color of law of any foreign state or nation…subjects an individual to extrajudicial killing shall, in a civil action, be liable for damages." 28 U.S.C. §1350.

17. The shoot down of MAS Flight 17 was an extrajudicial killing within the meaning of the TVPA, in violation of international law. The deadly use of force against a civilian airliner is expressly forbidden in international law under numerous International Treaties.

18. In ordering, aiding, abetting and/or conspiring to this extrajudicial killing, defendant Girkin was an individual acting under actual or apparent authority or color of law of Russia and/or the Donetsk Peoples Republic.

19. Plaintiffs are unable to exhaust any local remedies which might be available to them in that part of the Ukraine where this extrajudicial killing occurred, or indeed Russia, as such efforts would be futile and, in addition, would subject plaintiffs to fear of reprisals.

20. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs for whose benefit this action is brought.

21. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

22. Plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror and fear of their impending deaths.

23. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

24. The TVPA also allows for an award of punitive damages for an extrajudicial killing under the TVPA and plaintiffs seek an award of punitive damages against defendant Girkin for his intentional, willful and reckless acts in violation of the TVPA.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant Igor Girkin a/k/a Igor Strelkov for compensatory and punitive damages of US$50,000,000 for each of plaintiff's decedents, together with costs and such other amounts as may be allowed by law.

## COUNT III

1-4. As paragraphs 1-4 of Count III, plaintiffs reallege paragraphs 1-4 of Count I.

5. On July 17, 2014, plaintiffs' decedents were passengers onboard a certain Boeing 777-200 aircraft, registration 9M-MRD, being operated on that date by defendant MAS as MAS Flight 17, an international flight from Amsterdam, the Netherlands, to Kuala Lumpur, Malaysia.

6. On said date and at all times relevant hereto, defendant Girkin was the commander in chief of an army of separatists and rebels in an area of the Ukraine, self-styled as the Donetsk Peoples Republic (DNR), conducting war against the Government of Ukraine. Defendant Girkin and his rebel army were acting with the support of the Government of Russia.

7. Defendant Girkin is a specially designated national under the United States Department of the Treasury Office of Foreign Assets and Control Sanctions List. Defendant Girkin is also expressly named under European Union, Canadian, Swiss and New Zealand Government

Sanctions, identified as staff of Main Intelligence Directorate of the General Staff of the Armed Forces of the Russian Federation (GRU).

8. This rebel army under the command of defendant Girkin shot down, and attempted to shoot down, military aircraft operating in the airspace over the area in the Ukraine in which it was waging its rebel activities and defendant Girkin's forces threatened to shoot down any aircraft flying over this area.

9. The Office of the United Nations High Commission for Human Rights reported that on May 26, 2015, defendant Girkin ordered the summary execution of two "commanders of the people's militia."

10. On a date prior to July 17, 2014, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, transported one or more missile units from Russia to the Ukraine.

11. On July 17, 2014, MAS Flight 17 flew over the airspace of the area in which the aforesaid rebel army was waging its war activities and the rebel army under the command responsibility of defendant Girkin shot down the subject Boeing 777-200 aircraft being operated by defendant MAS as MAS Flight 17 with the aforesaid missile unit, killing these plaintiffs' decedents and all others onboard the aircraft.

12. Defendant Girkin ordered, aided and/or abetted this action and/or conspired with those persons who fired the missile or missiles.

13. On July 17, 2014, following the destruction of MAS Flight 17, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, took responsibility for the shooting down of MAS Flight 17.

14. Defendant Girkin also ordered all units of the armed forces of the Donetsk Peoples Republic (DNR) who were at the site of the downing of MAS Flight 17 and who have possession of personal effects from those onboard the aircraft to deliver them to DNR armed forces headquarters, where the valuables would be transferred to the Defense Fund of the DNR.

15. The shoot down and destruction of MAS Flight 17 by persons acting under the command responsibility of defendant Girkin and pursuant to the order, aid and abetting of defendant Girkin was extreme and outrageous conduct in violation of state and federal law, as well as the law of nations and numerous international treaties.

16. In causing the destruction of MAS Flight 17, defendant Girkin intended to, and did, cause severe emotional distress, loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

17. Plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror and fear of their impending deaths.

18. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

19. Plaintiffs also are entitled to an award of punitive damages against defendant Girkin for his intentional, willful and reckless acts.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant Igor Girkin a/k/a Igor Strelkov for compensatory and punitive damages of US$50,000,000 for each of plaintiff's decedents, together with costs and such other amounts as may be allowed by law.

**COUNT IV**

1-4. As paragraphs 1-4 of Count IV, plaintiffs reallege paragraphs 1-4 of Count I.

5. On July 17, 2014, plaintiffs' decedents were passengers onboard a certain Boeing 777-200 aircraft, registration 9M-MRD, being operated on that date by defendant MAS as MAS Flight 17, an international flight from Amsterdam, the Netherlands, to Kuala Lumpur, Malaysia.

6. On said date and at all times relevant hereto, defendant Girkin was the commander in chief of an army of separatists and rebels in an area of the Ukraine, self-styled as the Donetsk Peoples Republic (DNR), conducting war against the Government of Ukraine. Defendant Girkin and his rebel army were acting with the support of the Government of Russia.

7. Defendant Girkin is a specially designated national under the United States Department of the Treasury Office of Foreign Assets and Control Sanctions List. Defendant Girkin is also expressly named under European Union, Canadian, Swiss and New Zealand Government Sanctions, identified as staff of Main Intelligence Directorate of the General Staff of the Armed Forces of the Russian Federation (GRU).

8. This rebel army under the command of defendant Girkin shot down, and attempted to shoot down, military aircraft operating in the airspace over the area in the Ukraine in which it was waging its rebel activities and defendant Girkin's forces threatened to shoot down any aircraft flying over this area.

9. The Office of the United Nations High Commission for Human Rights reported that on May 26, 2015, defendant Girkin ordered the summary execution of two "commanders of the people's militia."

10. On a date prior to July 17, 2014, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, transported one or more missile units from Russia to the Ukraine.

11. On July 17, 2014, MAS Flight 17 flew over the airspace of the area in which the aforesaid rebel army was waging its war activities and the rebel army under the command responsibility of defendant Girkin shot down the subject Boeing 777-200 aircraft being operated by defendant MAS as MAS Flight 17 with the aforesaid missile unit, killing these plaintiffs' decedents and all others onboard the aircraft.

12. Defendant Girkin ordered, aided and/or abetted this action and/or conspired with those persons who fired the missile or missiles.

13. On July 17, 2014, following the destruction of MAS Flight 17, individuals acting under the command responsibility of defendant Girkin, and with his aid and abetting and in conspiracy with him, took responsibility for the shooting down of MAS Flight 17.

14. Defendant Girkin also ordered all units of the armed forces of the Donetsk Peoples Republic (DNR) who were at the site of the downing of MAS Flight 17 and who have possession of personal effects from those onboard the aircraft to deliver them to DNR armed forces headquarters, where the valuables would be transferred to the Defense Fund of the DNR.

15. Further, in ordering, aiding and abetting, and conspiring to, the transport of the subject missile unit from Russia to the Ukraine and in subsequently ordering, aiding, abetting and conspiring with those individuals who fired the aforesaid missile or missiles, downing MAS Flight 17, defendant Girkin acted with the actual or apparent authority of individuals in the Government of Russia and under color of law of Russia and/or the Donetsk Peoples Republic.

16. Defendant Girkin knowingly and willfully conspired with his second-in-command, Sergey Nikolayevich Petrovsky, and with those persons who shot down MAS Flight 17 to violate the TVPA through the extrajudicial killing of plaintiffs' decedents and to intentionally inflict emotional distress upon plaintiffs.

17. The objects of defendant Girkin's conspiracy were the shooting down and destruction of MAS Flight 17 and the killing of plaintiffs' decedents and the intentional infliction of emotional distress upon plaintiffs.

18. Defendant Girkin took numerous steps, as set forth above, in furtherance of this conspiracy.

19. As the proximate result of defendant Girkin's conspiracy, plaintiffs and the other heirs of plaintiffs' decedents suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

20. Plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror and fear of their impending deaths.

21. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

22. Plaintiffs also are entitled to an award of punitive damages against defendant Girkin for his intentional, willful and reckless acts in furtherance of his conspiracy.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant Igor Girkin a/k/a Igor Strelkov for compensatory and punitive damages of US$50,000,000 for each of plaintiff's decedents, together with costs and such other amounts as may be allowed by law.

Respectfully submitted,

/s/Floyd A. Wisner

Attorney For Plaintiffs

Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois 60134
(630) 262-9434
(630) 262-1066 (fax)
faw@wisner-law.com
Ill. ID No. 3048713